UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIMMON ROLLE,

   Petitioner,

-vs-                                                       Case No.  6:11-cv-866-Orl-36DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

   Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 17).  Petitioner filed a reply to the response (Doc. No. 23).

Petitioner alleges three claims for relief in his habeas petition:  (1) trial counsel was ineffective for failing to object to the improper opinion testimony of a State's witness and to move for a mistrial; (2) trial counsel was ineffective for failing to move for a mistrial based on the hearsay testimony of certain State's witnesses; and (3) trial counsel was ineffective for failing to move for the dismissal of the information based on "subjective

entrapment."

## I.    Procedural History

Petitioner was charged by information with one count of sale of cocaine. A jury trial was held, and Petitioner was found guilty. The trial court adjudicated Petitioner guilty of the crime and sentenced him, as a habitual felony offender, to imprisonment for a term of twenty years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.   Legal Standards

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

Petitioner argues that trial counsel was ineffective for failing to object to the improper opinion testimony of a State's witness and to move for a mistrial. Specifically, he contends that counsel should have objected when Deputy Brian Guilford testified that Petitioner seemed nervous. Petitioner also alleges that Deputy Guildford should not have been permitted to testify as to the meaning of Petitioner's head nod to Catherine King during the undercover drug transaction. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the testimony was not used as substantive evidence of Petitioner's guilt.

Deputy Guilford testified that Petitioner "seemed very nervous, very upset." *See* App. B, Transcript of Trial at 65. Petitioner's counsel objected to the testimony as being speculative, and the objection was overruled. *Id*. Deputy Guilford then explained how he came to that conclusion: "He immediately went to the--all the rooms and visually looked in the rooms, looked behind the doors like he was looking for someone. In my estimation,

he was looking to see if I had an arrest team there or someone was going to rob him maybe . . ." *Id* at 66.

Pursuant to section 90.701, Florida Statutes, a lay witness may offer an opinion or inference about what he or she perceived when:

> (1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness's use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
>
> (2) The opinions and inferences do not require a special knowledge, skill, experience, or training.

Here, Deputy Guildford merely explained why he believed Petitioner looked nervous or upset, and he described Petitioner's actions when going from room to room. Since Deputy Guilford personally witnessed Petitioner's behavior, he could testify that, in his opinion, Petitioner seemed nervous or upset. Moreover, contrary to Petitioner's allegations, counsel did raise an objection to this testimony.

Petitioner also references Deputy Guilford's testimony with regard to Petitioner's nod to Ms. King. Deputy Guilford testified as follows:

> At that time, he--he again looked me over, and the female asked me some questions. She had told me to give the money to--to the informant, and I said, no, I'm not going to do that because I've been robbed before, so I will give you my money.
>
> And Mr. Rolle looked at the female and nodded in a gesture of it's okay, is what I took from that. At that time, she produced the crack cocaine and sold [it] to me. As she produced the crack cocaine and held it in her hand, he looked at her and kind of gave a head nod towards me like it's okay. So then we completed the transaction, the female and I.

*See* App. B, Transcript of Trial at 67. Here, Deputy Guilford was merely providing an interpretation of Petitioner's nod to Ms. King. Deputy Guilford believed that the nod meant that it was alright for Ms. King to go ahead and sell the drugs to him (Deputy Guilford). Deputy Guilford personally observed the nod, and he was permitted to testify with regard to his interpretation as to its meaning. Petitioner's counsel was not deficient for failing to object or move for a mistrial.

The Court also finds that Petitioner has not demonstrated prejudice with regard to either of these matters. There has been no showing that, with regard to these matters, there was any affect on the outcome of this trial.

As such, Petitioner has failed to show that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. As a result, Petitioner is not entitled to federal habeas relief on this claim.

B.   *Claim Two*

Petitioner states that trial counsel was ineffective for failing to object to, and to move for a mistrial based on, the hearsay testimony of certain State's witnesses. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the State agreed that the questions were improper and then asked the witnesses different questions.

Deputy Guilford testified that "[t]he confidential informant placed a telephone call to Simmon Rolle, and advised that we wished to purchase . . . crack cocaine." *See* App. B, Transcript of Trial at 62. Petitioner's counsel immediately objected based on hearsay, and

7

the prosecutor then stated "I'll redirect." *Id*. The trial court directed the prosecutor to "[a]sk the questions, please. Thank you." *Id*. at 62-63. The prosecutor then asked a different question.

Sergeant Jason Dymond testified that he "[m]et with the confidential informant. That subject contacted this unique telephone number, spoke to an individual, requested that they wanted to purchase a quantity of cocaine base." *Id*. at 94. Petitioner's counsel immediately objected based on hearsay. *Id*. The trial court agreed that the witness would not be able to testify as to the conversation that the confidential informant had with whomever answered the telephone. *Id*. at 94-95. The prosecutor then rephrased the questioning.

In both instances, Petitioner's counsel objected to the hearsay testimony and each time the prosecutor agreed that the questions were improper and then asked the witnesses different questions. There was no need for Petitioner's counsel to obtain a specific ruling from the trial court since the prosecutor agreed that the questions were improper.

Although Petitioner mentions that counsel should have filed a motion for a mistrial, he has not shown that "the objected-to evidence, which was not admitted, was . . . so prejudicial as to vitiate the entire trial." *See Lidiano v. State*, 967 So. 2d 972, 979 (Fla. 3d DCA 2007). This is particularly evident since Petitioner's counsel immediately objected to the statements, and the prosecutor immediately rephrased the questions.[3] Consequently, Petitioner has not shown that counsel acted deficiently with regard to this matter or that

---

[3]Likewise, Petitioner has not shown that a curative instruction was necessary.

he sustained prejudice.

Under the circumstances, Petitioner has failed to show that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.

*C.     Claim Three*

Petitioner states that trial counsel was ineffective for failing to move for the dismissal of the information based on "subjective entrapment." This claim was raised in Petitioner's Rule 3.850 motion and was denied because the defense would have been inconsistent with Petitioner's claim of innocence.

"To establish subjective entrapment—unlike objective entrapment—a defendant must show that he was not predisposed to commit the alleged offense." *Jimenez v. State*, 993 So. 2d 553, 555 (Fla. 2d DCA 2008).[4] However, "to present an entrapment defense, one would have to admit that he or she committed the crime but did so only because of the actions of law enforcement." *Green v. State*, 34 So. 2d 783, 784 (Fla. 2d DCA 2010). Here, Petitioner states that he was at the residence where the drug transaction took place because he was giving Ms. King a ride to look for junk and scrap metal to sell. Petitioner never admitted to committing the offense, and an entrapment defense would have been inconsistent with Petitioner's claim of innocence and his claim that Ms. King sold the

---

[4]The elements of the subjective entrapment defense, which is the version of the defense mentioned by Petitioner, have been codified in section 777.201(1), Florida Statutes.

drugs. Consequently, Petitioner's counsel was not deficient for failing to present this defense, and there has been no showing of prejudice.

As a result, Petitioner has failed to show that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Simmon Rolle is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court shall enter judgment accordingly and close this case.

3.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 27th day of March, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 3/27
Counsel of Record
Simmon Rolle

---

appeal.